IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHOCKWATCH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. WA-23-CV-819-KC |
| | § | |
| WAN-YO ENTERPRISE CO., LTD., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day, the Court considered Attorney Glenn E. Forbis's Motion to Appear Pro Hac Vice ("Forbis Motion"), ECF No. 20; Attorney Robert M. Siminski's Motion to Appear Pro Hac Vice ("Siminski Motion"), ECF No. 21; and Attorney J. Bradley Luchsinger's Motion to Appear Pro Hac Vice ("Luchsinger Motion"), ECF No. 22 (collectively, the "Motions"). Forbis, Siminski, and Luchsinger seek permission to represent Defendant Wan-Yo Enterprise Co., Ltd. pro hac vice.

However, there are discrepancies in each of the Motions. Forbis indicates that he "has been admitted to practice before" three federal courts: the "Federal U.S. Court of Appeals," the Northern District of Illinois, and the District of Massachusetts. Forbis Mot. ¶ 3. Forbis does not specify to which Court of Appeals he has been admitted to practice. And the Court's records show that Forbis has not been admitted to practice before either district court. Rather, it appears Forbis has only appeared pro hac vice—if he has appeared at all—before the courts listed in his Motion.

Luchsinger's Motion suffers the same flaw. Luchsinger indicates that he "has been admitted to practice before" five federal district courts: the District of Massachusetts, the Eastern District of Missouri, the Eastern District of Texas, the Western District of Ohio, and the District of Delaware. Luchsinger Mot. ¶ 3. But the Court's records reflect that Luchsinger has not been admitted to practice before any of these courts. Like Forbis, Luchsinger has, at most, appeared pro hac vice before the five courts he lists.

And Siminski's Motion is similarly flawed. Siminski indicates that he has been admitted to practice before four federal district courts: the Eastern District of Michigan, the Eastern District of Texas, the Central District of California, and the Northern District of Illinois. Siminski Mot. ¶ 3. According to the Court's records, Siminski has been admitted to practice before the Eastern District of Michigan but has only appeared pro hac vice before the remaining three courts.

Federal Rule of Civil Procedure 11(b)(2) states that, by filing a pleading or motion with the Court, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support." But the Court's records suggest that the attorneys' Motions misrepresent the courts to which the attorneys have been admitted to practice.

The Court thus finds that it requires additional information about the attorneys' court admissions to determine whether to grant their Motions. Accordingly, the Motions are **TAKEN UNDER ADVISEMENT**.

The Court **ORDERS** Forbis, Siminski, and Luchsinger to **FILE** written notice, **no later than July 17, 2024**, clarifying to which courts they have been **admitted to practice**.

**SO ORDERED.**

SIGNED this 10th day of July, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE