UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SHOCKWATCH, INC. d/b/a SPOTSEE,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**WAN-YO ENTERPRISE CO., LTD.,**<br><br>　　　　　Defendant. | **Case No.  WA-23-cv-819-KC**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WAN-YO ENTERPRISE CO., LTD. AND REQUEST FOR DAMAGES DISCOVERY

**Plaintiff's Amended Motion for Default Judgment**

1

## STATEMENT OF ISSUES

1. Should default judgment be rendered against Defendant Wan-Yo Enterprise Co., Ltd., for failure to answer or otherwise respond to Plaintiff ShockWatch, Inc. d/b/a SpotSee's complaint?

## I. INTRODUCTION

Plaintiff, ShockWatch, Inc. d/b/a SpotSee, moves the Court to render a default judgment of liability for patent and trademark infringement against Defendant, Wan-Yo Enterprise Co., Ltd.

## II. FACTUAL BACKGROUND

1. Plaintiff is ShockWatch, Inc. d/b/a SpotSee. Defendant is Wan-Yo Enterprise Co., Ltd.

2. On November 29, 2023, Plaintiff sued Defendant for patent and trademark infringement.

3. On November 29, 2023, Plaintiff filed its Original Complaint for Patent and Trademark Infringement [Dkt. 1] with the Court. On March 11, 2024, Defendant was served with a summons and a copy of plaintiff's complaint by delivery to Deborah Lai, authorized to accept service for Defendant. A copy of the return of service [Dkt. 9] is attached as Exhibit A.

4. On May 16, 2024, the Court ordered that "Defendant shall file an answer or otherwise respond to the Complaint **no later than June 3, 2024**." Defendant did not file a responsive pleading or otherwise defend the suit.

5. On June 17, 2024, the clerk entered a default against Defendant. A copy of the order on entry of default [Dkt. 14] is attached as Exhibit B.

6. Plaintiff now asks the Court to render a default judgment of liability of Defendant for patent and trademark infringements. Plaintiff further requests opportunity for discovery related to damages.

## III. ARGUMENT

### A. Legal Standard(s)

7. A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* Fed. R. Civ. P. 55(a), (b)(2); *United*

**Plaintiff's Amended Motion for Default Judgment**

*States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163-64 (1st Cir. 2004).

### B. Default Judgment is Proper

8. This Court should render a default judgment against Defendant Wan-Yo Enterprise Co., Ltd. because it did not file a responsive pleading by the extended deadline therefor of June 3, 2024 (per the Court's Order [Dkt. 12]). Fed. R. Civ. P. 12(a)(1)(A)(i).

9. Defendant is not a minor or an incompetent person. Fed. R. Civ. P. 55(b)(2). Defendant is not a natural person.

10. Defendant is not in military service. See 50 U.S.C. §3931(b)(1).  Defendant is not a natural person.

11. Plaintiff is entitled to relief against Defendant, because Defendant failed to file a responsive pleading and otherwise defend the suit.

12. Plaintiff served Defendant, and Defendant failed to respond.

## IV. CONCLUSION

For these reasons, Plaintiff asks the Court to grant this motion and render a default judgment of liability of Defendant for patent and trademark infringement.

Plaintiff further asks the Court to grant an injunction prohibiting Defendant from manufacture, use, sale, and import of its infringing product into the U.S., as further requested in Plaintiff's complaint and the proposed form of order submitted herewith.

Moreover, Plaintiff asks the Court to grant Plaintiff opportunity for discovery to determine the amount of an award of damages payable by Defendant for the infringements. Plaintiff particularly seeks information of the number of infringing products made, used, sold, offered for sale, and/or imported into the U.S. and the gross sales prices of those products.

Plaintiff asks the Court to allow a period after the completion of that discovery to move for an award of damages and for a hearing thereon if applicable.

      Respectfully submitted,

      */H. Dale Langley, Jr./*
      H. Dale Langley, Jr.
      Texas Bar No.11918100
      The Langley Law Firm, P.C.
      1803 West Avenue
      Austin, TX 78701
      Telephone:  (512) 477-3830
      Fax:  (866) 735-9129
      dlangley@iptechlaw.com

      **ATTORNEYS FOR PLAINTIFF SHOCKWATCH, INC. dba SPOTSEE**

### Certificate of Service

I certify that on July 17, 2024, I served the foregoing electronically with the Court filing system that will send notification of this filing to Scott E. Yackey of Harness IP, attorney for Defendant, and to the following in the manner indicated:

***Via Email (rsiminski@harnessip.com) and Certified Mail, RRR***
WAN-YO ENTERPRISE CO., LTD.
c/o Robert Siminski
HarnessIP
5445 Corporate Drive
Suite 200
Troy, MI 48098

      */s/H. Dale Langley, Jr.*
      H. Dale Langley, Jr.

**Plaintiff's Amended Motion for Default Judgment**