UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SHOCKWATCH, INC. d/b/a SPOTSEE,**<br><br>       Plaintiff,<br><br>   v.<br><br>**WAN-YO ENTERPRISE CO., LTD.,**<br><br>       Defendant. | **Case No.  WA-23-cv-819-KC**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSE TO OPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**TABLE OF CONTENTS**

STATEMENT OF ISSUES

    I.    Introduction…………………………………………………………………....2

    II.   Factual Background…………………………………………………………….3

    III.  Argument………………………………………………………………………4

        A. Legal Standards……………………………………………………………..4

            1.  Service of Process……………………………………………………4

            2.  Proof of "Good Cause"………………………………………………6

        B.  Wan-Yo was Properly Served in Accordance with Federal Rule of Civil Procedure 4(f)(2)(A)……………………………………………………8

        C.  Wan-Yo Cannot Meet its Burden to Prove "Good Cause" for its Failure to Timely Answer the Lawsuit and to Comply with the Court's Order…………10

    IV.  CONCLUSION……………………………………………………………..13

# TABLE OF AUTHORITIES
## FEDERAL CASES

*BAMM Holdings, Inc. v. Plum Safety AP*S, 2021 WL 4877660 (W.D.Tex. [Waco] September 14, 2021) ..................................................................................................................10

*BAMM Holdings, Inc. v. Plum Safety APS*, No. 6:20-CV-00618, 2021 WL 4877660 (W.D.Tex. [Waco] September 15, 2021) ..........................................................................16

*Blue Spike, LLC v. ASUS Comput. Int'l, Inc.*, No. 6:16-cv-1384, 2018 WL 3301705 (E.D.Tex. Feb. 20, 2018) ...................................................................................................6

*Brand v. NCC Corp.*, 540 F.Supp. 562, 564 (E.D.Pa. 1982) ................................................9, 15

*Cosmetech International, LLC v. Der Kwei Enterprise & Co., Ltd.*, 943 F.Supp. 311 (S.D.N.Y. 1996) ..............................................................................................5, 6, 12

*Dierschke v. O'Cheskey*, 975 F.2d 181 (5th Cir. 1992) ............................................7, 8, 13, 17

*DirectTV, Inc. v. Young*, 195 Fed.Appx. 212 (5th Cir. 2006) ......................................................8

*Duran v. City of Eagle Pass*, No. SA-10-CA-0504-XR, 2011 WL 294478 (W.D.Tex. January 26, 2011) ...............................................................................................................17

*Emery v. Wood Indus., Inc.*, 2001 WL 274747 (D.N.H. Jan. 17, 2001) .....................................6

*Federal Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988) ......................9, 14

*In re Chinese Mfg. Drywall Prods. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014) ...............7, 8, 13

*In re Cyrus II Partnership*, 392 B.R. 248 (Bankr.S.D.Tex. 2008) .................................5, 6, 12

*In re OCA, Inc.*, 551 F.3d 359 (5th Cir. 2008)..........................................................7, 9, 10, 13

*Intern. Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F.Supp.2d 22 (D.D.C. 2003) ...................................................9, 14

*INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987)..................................................................11

*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000).......................................................7, 8, 10, 15

*Monolithic Power Systems, Inc. v. Chip Advanced Technology Inc.*, 2008 WL 11342691 (C.D.Cal. Sept. 16, 2008)................................................................................6

*Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017 (S.D. Tex. [Houston], June 12, 2009) ..................................................................................................................5, 12

*O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394 (7th Cir. 1993) ......................................11

*Pelican Renewables 2, LLC v. DirectSun Solar Energy & Tech., LLC*, 325 F.R.D. 570 (E.D.La. 2016) .................................................................................................... 14, 15

*People's United Equip. Finance Corp. v. Hartmann*, 447 Fed.Appx. 522 (5th Cir. 2011) ..... 11

*Pretzel &. Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 426 (7th Cir. 1994) ........ 10

*Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd.*, 253 F.R.D. 404 (E.D.Tex. 2008) ................................................................................................................ 5

*Schnuelle v. C&C Auto Sales, Inc.*, 196 F.R.D. 395 (D.Kan. 2000) .................................. 9, 14

*Scott v. Carpanzo*, 556 F.App'x 288 (5th Cir. Jan. 24, 2014) .................................................. 7

*Simon v. Pay Tel Mgmt., Inc.*, 782 F.Supp. 1219 (N.D.Ill. 1991) ............................................ 14

*Sindhi v. Raina*, 905 F.3d 327 (5th Cir. 2018) .......................................................................... 7

*Stewart v. Lubbock Co., Texas*, 767 F.2d 153 (5th Cir. 1985) ................................................ 17

*U.S. v. Tellez*, 678 F.Supp.2d 437 (W.D.Tex [El Paso] 2009) ................................................ 10

*Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490 (5th Cir. 2018) ........................... 8, 10

## Federal Rules

Fed. R. Civ. P. 4(f) ..................................................................................................................... 4

Fed. R. Civ. P. 4(f)(1) ................................................................................................................ 4

Fed. R. Civ. P. 4(f)(2)(A) ................................................................................................... 4, 5, 9

Fed. R. Civ. P. 4(l) ..................................................................................................................... 8

Fed. R. Civ. P. 4(f)[(2)](C)(i) ................................................................................................... 10

Fed. R. Civ. P. 4(h)(2) .............................................................................................................. 10

Fed. R. Civ. P. 55(c) .................................................................................................................. 6

## **STATEMENT OF ISSUES**

1. Is Plaintiff, ShockWatch, Inc. d/b/a SpotSee's ("**SpotSee**"), service of the summons and complaint by delivery to a manager of Defendant, Wan-Yo Enterprise Co., Ltd. ("**Wan-Yo**"), a Taiwanese company, proper service under Fed. R. Civ. P. 4(f)?

2. Does Wan-Yo's willful neglect and lack of meritorious defenses, and the prejudice to SpotSee, controvert "good cause" as Wan-Yo must prove to set aside the clerk's entry of default?

I.  INTRODUCTION

Plaintiff ShockWatch, Inc. d/b/a SpotSee, a Texas company ("**SpotSee**"), opposes Defendant Wan-Yo Enterprise Co., Ltd's, a Taiwanese company in Taiwan ("**Wan-Yo**"), motion to set aside the Clerk's Entry of Default. SpotSee sued Wan-Yo for patent and trademark infringement [Dkt. 1]. SpotSee served Wan-Yo at its offices in Taiwan in accordance with Taiwanese laws and the Federal Rules of Civil Procedure [Dkt. 9]. The Court extended the time for Wan-Yo to answer [Dkt. 12], and expressly stated in the order that "Defendant [Wan-Yo] shall file an answer or otherwise respond to the Complaint **no later than June 3, 2024** (bold and underline in Court's order)." When Wan-Yo failed to file an answer or otherwise respond by the Court's deadline, SpotSee waited two weeks to allow opportunity for Wan-Yo to respond, before seeking the clerk's entry of default. The clerk entered default [Dkt. 14] against Wan-Yo on June 17, 2024. SpotSee thereafter waited to afford Wan-Yo opportunity to respond to the default, but the Court entered an order on July 3, 2024 [Dkt. 15] requiring SpotSee to move for default judgment. SpotSee prepared its motion for default judgment, and waited nearly another week after the Court's order to further allow Wan-Yo opportunity to respond. On July 8, 2024, SpotSee contacted Wan-Yo and advised it that the next day SpotSee planned to file its motion for default judgment.[1] That next day, July 9, 2024, Wan-Yo filed a motion [Dkt. 16] to set aside the clerk's entry of default. SpotSee properly served Wan-Yo, and Wan-Yo failed to answer or respond. There is not "good cause" to set aside the default because Wan-Yo's failure is willful. Moreover, Wan-Yo has not presented meritorious defenses and SpotSee is prejudiced.

---

[1] SpotSee filed its (amended) motion for default judgment [Dkt. 28] on July 17, 2024, in accordance with the Court's order therefor [Dkt. 15].

**Plaintiff's Response to Opposed Motion to Set Aside**                                                                                  2

## II.   FACTUAL BACKGROUND

Some details of the case's procedural history are reflected in Wan-Yo's motion, however, Wan-Yo's motion should be denied on its alleged grounds. SpotSee expounds on the facts as follows:

1.   SpotSee filed its complaint on November 29, 2023, for patent and trademark infringement by Wan-Yo. [Dkt. 1].

2.   Despite extensions and opportunities, Wan-Yo failed to answer or otherwise respond, resulting in the Clerk's Entry of Default on June 17, 2024. [Dkt. 14]; Declaration of H. Dale Langley, Jr. ("*Langley Decl.*"), ¶¶ 9-16.

3.   Because Wan-Yo is a Taiwanese company based in Taiwan, SpotSee engaged services of a process server versed in effecting service in Taiwan. *Langley Decl.*, at ¶ 7 and Exhibit A thereto.

4.   SpotSee commissioned a translator to translate the complaint and summons to Mandarin Chinese, as generally required for proper service in Taiwan. *Id.*, at ¶ 8.

5.   On March 11, 2024, service of process was hand delivered in Taiwan on Wan-Yo's International Sales Manager, Deborah Lai, as evidenced by the return of service [Dkt. 9] filed in the court records. *Id.*, at ¶¶ 2-3 and Exhibits A and B thereto.

6.   Deborah Lai, International Sales Manager, is a "manager of concern" of Wan-Yo, as evident from Wan-Yo's global website. *Id.*, at ¶¶ 2-3 and Exhibit B thereto.

7.   Here, Wan-Yo admits that it didn't even hire litigation counsel until almost a month after the clerk's entry of default. Opposed Motion to Set Aside Clerk's Entry of Default [Dkt. 16] ("*Defendant's Motion*"), p. 2; Declaration of Robert M. Siminski [Dkt. 16-1] ("*Siminski Decl.*"), at ¶¶ 5, 11, 20 ("On July 8, 2024… retained in the current litigation").

8.   SpotSee waited two weeks after the answer deadline set by the Court, to ask the clerk to enter default, thereby affording Wan-Yo adequate time and opportunity to comply with

the Court's order. *Langley Decl*., at ¶¶ 12-13.

9. Moreover, Wan-Yo never prior to its motion suggested to SpotSee that it considered service as ineffective, even though Wan-Yo had hired U.S. counsel to attempt settlement of the suit. *Id*., at ¶ 14.

10. Even after the clerk's entry of default, SpotSee waited again in order to allow Wan-Yo opportunity to object to the default, which it did not then do. *Id*., at ¶ 15.

11. The Court then issued an order [Dkt. 15] requiring SpotSee to move for default judgment.

12. SpotSee contacted Wan-Yo on July 8, 2024, that SpotSee would the next day file its motion for default judgment, which SpotSee had then prepared at significant expense. *Id*., at ¶ 16.

13. Only thereafter did Wan-Yo finally take any action by filing its motion to set aside. [Dkt. 16].

14. Notably, Wan-Yo has still never sought to answer or respond to the complaint.

15. SpotSee filed its (amended) motion for default judgment [Dkt. 28] on July 17, 2024, in accordance with the Court's order therefor [Dkt. 15].

**III.  Argument**

    **A.  Legal Standard(s)**

Service of Process:

A plaintiff must comply with Fed. R. Civ. P. 4(f) for effective service of process on a defendant located in a foreign country. When there is not any internationally agreed means of service under Fed. R. Civ. P. 4(f)(1) that would apply, Fed. R. Civ. P. 4(f)(2)(A) provides as follows:

> (2) if there is no internationally agreed means… by a method that is reasonably calculated to give notice:
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction.

Fed. R. Civ. P. 4(f)(2)(A). This Rule 4(f)(2)(A) thus "imposes two requirements: (1) the method of service must be reasonably calculated to give notice; and (2) the required method is that prescribed by [the foreign country] law for service in [the foreign country] in an action in the [foreign country] courts of general jurisdiction." *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *7 (S.D. Tex. [Houston], June 12, 2009)(citing *Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd.*, 253 F.R.D. 404, 406 (E.D.Tex. 2008)(for the purposes of Rule 4(f)(2)(A) "a foreign court's general service law, as applicable to its residents and citizens, will control")); *In re Cyrus II Partnership*, 392 B.R. 248, 259 (Bankr.S.D.Tex. 2008)(Rule 4(f)(2)(A) is separate and not affected by 4(f)(2)(C)(i) and 4(h)(2)); *Cosmetech International, LLC v. Der Kwei Enterprise & Co., Ltd.*, 943 F.Supp. 311, 316 (S.D.N.Y. 1996)(holding that service on corporation in Taiwan was properly made in accordance with Taiwan law by personal delivery of service to "the manager concerned").

"Because Taiwan is not a party to the Hague Convention, legally sufficient service of [a Taiwanese company] must have been performed by a method reasonably calculated to give notice: as prescribed by Taiwanese law… ." *Blue Spike, LLC v. ASUS Comput. Int'l, Inc.*, No. 6:16-cv-1384, 2018 WL 3301705, at *3 (E.D.Tex. Feb. 20, 2018)(citing Fed. R. Civ. P. 4(h)); *Cosmetech*, 943 F.Supp. at 316 (cited by *In re Cyrus II Partnership*, 392 B.R. at 258); Opposed Motion to Set Aside Clerk's Entry of Default [Dkt. 16], p. 5. Taiwan law expressly permits service upon a corporation by delivery to "the manager concerned." Taiwan Code of Civil Procedure Article 131 (attached to *Langley Decl.*, ¶ 4 and <u>Exhibit C</u> thereto); *Also*, *Cosmetech*, 943 F. Supp. at 316.[2]

---

[2] Notably, the two cases cited by Wan-Yo for the proposition that service is improper under Taiwan law are inapposite. Rule 4(h)(2) regards service under (f)(2)(C)(i) only. *In re Cyrus II*, 392 B.R. at 259. In Wan-Yo's cited case *Emery v. Wood Indus., Inc.*, 2001 WL 274747, at *2 (D.N.H. Jan. 17, 2001)(service there was not argued under (f)(2)(A) as being permitted by Taiwan law or other legal authority), the plaintiff admitted that "there is no Taiwan law or other legal authority we can cite which expressly *permits* such service." In the present case, however, SpotSee's service of Wan-Yo was proper under Rule 4(f)(2)(A), not (f)(2)(C)(i), because made on the "manager of concern" in accordance with Taiwanese law. In Wan-Yo's other cited case *Monolithic*

**Plaintiff's Response to Opposed Motion to Set Aside**                                                                                             5

Proof of "Good Cause":

Although under Rule 55(c) a court may set aside an entry of default for "good cause" shown, the burden of showing good cause lies with the party challenging the default. *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018). The Fifth Circuit emphasizes that the determination of whether "good cause" exists 'necessarily… [is]… informed by equitable principles'" and has "'found it useful to consider three factors… [;] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)); *Also*, Fed. R. Civ. P. 55(c). Courts may consider other factors as well, such as whether the defendant "acted expeditiously to correct the default." *In re Chinese Mfg. Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *Dierschke*, 975 F.2d at 184. The decision whether to set aside a default "is committed to the sound discretion of the trial court." *Dierschke*, 975 F.2d at 183.

"A *willful* default is an 'intentional failure' to respond to litigation."[3] *Scott v. Carpanzo*, 556 F.App'x 288, 294 (5th Cir. Jan. 24, 2014)(citing *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008)(citing *Lacy*, 227 F.3d at 292). "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 184).[4] The Fifth Circuit Court of Appeals has even found willful default to uphold a default judgment against a defendant,

---

*Power Systems, Inc. v. Chip Advanced Technology Inc.*, 2008 WL 11342691, at * (C.D.Cal. Sept. 16, 2008), the "delivery was to a *non-employee*" of the company sought to be served. That is certainly not the case here, where delivery was to Deborah Lai, the manager of concern "who is designated by law to accept service of process on behalf of [Wan-Yo]." [Dkt. 9], Deborah Lai is International Sales Manager of Wan-Yo. *Langley Decl.*, ¶¶ 3-4 and Exhibits A, B and C thereto.

[3] "The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *In re Chineses Mfg. Drywall Prods.*, 742 F.3d at 594.

[4] "Of the relevant factors, two have particular significance… (1) the defendant's default was *willful*; or (2) the defendant failed 'to present a meritorious defense sufficient to support a finding on the merits for the defaulting party'" and "[i]f a district court (or a bankruptcy court) makes either finding, we may hold that it was within its discretion in refusing to grant relief… ." *In re OCA*, 551 F.3d at 370 (citing *Lacy*, 227 F.3d at 290; *Jenkens & Gilchrist v. Groia Co.*, 542 F.3d 114, 119-120 (5th Cir. 2008)).

**Plaintiff's Response to Opposed Motion to Set Aside** 6

where there was no answer to the complaint after plaintiff's application for entry of default and plaintiff's motion for default judgment. *DirectTV, Inc. v. Young*, 195 Fed.Appx. 212, 214-15 (5th Cir. 2006); *Cf.*, *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015) (defendant willfully defaulted by failing to answer after service of process even though mistake or inadvertence, where "no explanation for what happened between its presumed receipt of process and the date on which it retained counsel to try to vacate the default judgment"); *In re Chinese Mfg. Drywall Prods.*, 742 F.3d at 595 (holding that the foreign defendant willfully defaulted when it did not contest that it was served with the complaint and did not provide any explanation for its default even when pressed at oral argument); *Lacy*, 227 F.3d at 292-93 (holding that the defendant's default was not willful when its counsel both (1) "made repeated contacts with [the plaintiff] in an attempt to resolve the suit" and (2) "made plain its intention not to agree to waiver of service and its belief that service therefore had not yet been effected"); *In re Dierschke*, 975 F.2d at 183-84 (holding that the defendant willfully defaulted when he admitted that he had received the complaint, but explained that he had failed to respond because he did not understand that he was being served in a new case). The fact of settlement discussions may not alone be sufficient to avoid default and default judgment. *E.g.*, *Federal Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1070 (5th Cir. 1988); *Zuelzke Tool & Eng. Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229-30 (7th Cir. 1991); *Intern. Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F.Supp.2d 22, 26 (D.D.C. 2003); *Schnuelle v. C&C Auto Sales, Inc.*, 196 F.R.D. 395, 397 (D.Kan. 2000); *Simon v. Pay Tel Mgmt., Inc.*, 782 F.Supp. 1219, 1225-26 (N.D.Ill. 1991); *Brand v. NCC Corp.*, 540 F.Supp. 562, 564 (E.D.Pa. 1982).

If willfulness does not end the inquiry, "[i]n determining whether a meritorious defense exists, '[t]he underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA*, 551

F.3d at 373-74 (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kan, FEDERAL PRACTICE & PROCEDURE § 2697 (1998)). A meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist,* 542 F.3d at 122. A mere conclusory statement that a meritorious defense exists is insufficient. *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 502(5th Cir. 2018)(defendant merely collected all of its claims for relief and asserted that together they make it "inequitable"); *U.S. v. Tellez*, 678 F.Supp.2d 437, 442-43 (W.D.Tex [El Paso] 2009)("If the defaulting party 'fail[s] 'to present a meritorious defense sufficient to support a finding on the merits,' a court acts 'within its discretion in refusing to grant relief from a default judgment'" (citing *In re OCA*, 551 F.3d at 370)); *Also*, *Pretzel &. Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994).

Another consideration can be prejudice to the plaintiff that would arise as result of setting aside a default. *Lacy*, 227 F.3d at 292. Such prejudice must be something more than merely requiring the plaintiff to prove its case. *Id*., at 293; *BAMM Holdings, Inc. v. Plum Safety AP*S, 2021 WL 4877660, at *2-3 (W.D.Tex. [Waco] September 14, 2021). However, loss of evidence, increased litigation costs, increased difficulties in discovery, or the potential for fraud and collusion can indicate prejudice. *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987); *Lacy*, 227 F.3d at 293.

**B. Wan-Yo was Properly Served in Accordance with Federal Rule of Civil Procedure 4(f)(2)(A)**

The Court should deny the motion to set aside entry of default because Defendant Wan-Yo was properly served and failed to answer. *See* Fed. R. Civ. P. 4(l); *People's United Equip. Finance Corp. v. Hartmann*, 447 Fed.Appx. 522, 524 (5th Cir. 2011); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The process server's affidavit under FRCP 4(l) is prima facie proof of service. *Id*. Wan-Yo has not even yet answered the complaint.

**Plaintiff's Response to Opposed Motion to Set Aside**                                                                                                    8

Defendant Wan-Yo obfuscates the circumstances, and further evidences its willful avoidance of the litigation, in now purporting that it was not properly served. Wan-Yo never previously indicated any doubts about the propriety of the service made in Taiwan on Wan-Yo's manager, in accordance with the laws of Taiwan. *Langley Decl.*, ¶ 14. Deborah Lai, the person receiving the service "who is designated by law to accept service of process on behalf of WAN-YO ENTERPRISE CO., LTD.," is International Sales Manager of Wan-Yo. [Dkt. 9]; *Langley Decl.*, ¶¶ 1-3 and Exhibits A, B and C thereto.

In serving process on Wan-Yo in Taiwan, SpotSee engaged services of a process server versed in effecting service in Taiwan. *Langley Decl.*, ¶ 7. SpotSee commissioned a translator to translate the complaint and summons to Mandarin Chinese, as generally required for proper service in Taiwan. *Id.*, at ¶ 8. On March 11, 2024, service of process was personally delivered in Taiwan on Wan-Yo's International Sales Manager, Deborah Lai, as evidenced by the return of service filed in the court records. [Dkt. 9]; *Langley Decl.*, at ¶¶ 1-3 and Exhibits A, B and C thereto.

Under Fed. R. Civ. P. 4(f)(2)(A), service of process on a Taiwanese company is effective upon delivery to a "manager of concern" of the company in Taiwan. *Cosmetech International, LLC v. Der Kwei Enterprise & Co., Ltd.*, 943 F.Supp. 311, 316 (S.D.N.Y. 1996)(holding that service on corporation in Taiwan was properly made in accordance with Taiwan law by delivery of service to "the manager concerned")(cited by *Nabulsi v. Nahyan*, 2009 WL 1658017, at *7 (S.D. Tex. [Houston], June 12, 2009)). Service was made on Wan-Yo's International Sales Manager Deborah Lai by delivery to her in Taiwan. Wan-Yo's website identifies Deborah Lai as a "Manager" and the process server's affidavit provides that she "is designated by law to accept service of process on behalf of WAN-YO ENTERPRISE CO., LTD." [Dkt. 9]; *Langley Decl.*, at ¶¶ 1-3 and Exhibits A, B and C thereto.

Wan-Yo argues that Rule 4(f)(2)(C)(i) has some implication. However,

**Plaintiff's Response to Opposed Motion to Set Aside**                                                                                      9

> Rule 4(f)(2)(A) is a separate provision from Rule 4(f)[(2)](C)(i). The exclusion by Rule 4(h)(2) of Rule 4(f)(2)(C)(i) as a means of service of process does not affect the applicability of Rule 4(f)(2)(A).

*In re Cyrus II,* 391 B.R. at 259. Service was properly made under Rule 4(f)(2)(A) by delivery to the manager of concern.

Thus, service of process was proper and effective on March 11, 2024, as evidenced of record and Wan-Yo failed to timely answer or otherwise respond.

### C. Wan-Yo Cannot Meet its Burden to Prove "Good Cause" for its Failure to Timely Answer the Lawsuit and to Comply with the Court's Order

Wan-Yo was properly served, but willfully failed to answer. Further, Wan-Yo is without meritorious defense, and SpotSee is prejudiced. Admittedly, Wan-Yo's counsel, who specifically stated that he was engaged only to attempt settlement, was in contact with SpotSee's counsel for negotiations towards a potential resolution of the lawsuit. Defendant's Motion, p. 2; Siminski Decl., at ¶¶ 5-18. Because those communications were proceeding, SpotSee's counsel informed Wan-Yo's counsel that SpotSee would file a motion to extend time for Wan-Yo's answer to a date certain of June 3, 2024. *Langley Dec*l., at ¶ 9. At the time that SpotSee made such proposal for extension, Wan-Yo did not dispute service or otherwise oppose or deny the effort. *Id.*, at ¶ 10 (in fact, Wan-Yo never disputed proper service prior to its opposed motion).

The Court, on SpotSee's motion to extend the time to answer the lawsuit, entered its order of May 16, 2024, that "Defendant [Wan-Yo] shall file an answer or otherwise respond to the Complaint **no later than June 3, 2024** (bold and underline in the original)." Order [Dkt. 12].

Nonetheless, Wan-Yo failed to answer or otherwise respond as so ordered.

Wan-Yo intentionally failed to respond to the litigation. *Cf., In re OCA*, 551 F.3d at 371 n.32. Wan-Yo's failure was not result of mistake or error, and even so that is not a sufficient ground to avoid a finding of willfulness. *Dierschke*, 975 F.2d at 184 (characterizing an alleged

**Plaintiff's Response to Opposed Motion to Set Aside**                                                                                           10

failure to understand the implications of service as willful, and opining that "[D]efendant chose to make a decision that he hadn't been served when, in fact, he had"); *In re Chinese Drywall*, 742 F.3d at 594-95(rejecting the argument that lack of familiarity with U.S. litigation practice could excuse willfulness); *Pelican Renewables 2, LLC v. DirectSun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 575 (E.D.La. 2016) (mere reliance on faulty advice of counsel is insufficient ground to avoid willfulness). Rather, as Wan-Yo admits, Wan-Yo did not even engage counsel to defend the case until after the deadline for answer in the Court's order. *Defendant's Motion*, p. 5; *Siminski Decl.*, at ¶¶ 5, 11, 20. Wan-Yo did not request a further extension or otherwise take any action. *Langley Decl.*, at ¶ 13. Even when settlement negotiations reached an impasse, Wan-Yo did not engage litigation counsel and otherwise failed to respond to the litigation.[5] *Siminski Decl.*, at ¶¶ 5, 11, 20. Although Wan-Yo's counsel had discussion over potential for settlement, those discussions reached an impasse; and, in any event, the fact of those discussions is not sufficient to avoid default and default judgment. *Federal Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1070 (5th Cir. 1988); *Zuelzke Tool & Eng. Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229-30 (7th Cir. 1991); *Intern. Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F.Supp.2d 22, 26 (D.D.C. 2003); *Schnuelle v. C&C Auto Sales, Inc.*, 196 F.R.D. 395, 397 (D.Kan. 2000); *Simon v. Pay Tel Mgmt., Inc.*, 782 F.Supp. 1219, 1225-26 (N.D.Ill. 1991); *Brand v. NCC Corp.*, 540 F.Supp. 562, 564 (E.D.Pa. 1982).

Wan-Yo's intentional failure to answer should end the inquiry and the entry of default should be upheld. *Cf.*, *Lacy*, 227 F.3d at 292 (citation omitted).

Nonetheless, other factors also support denial of the motion to set aside the default, such as Wan-Yo's lack of meritorious defenses and prejudice to SpotSee. Wan-Yo lacks a

---

[5] Wan-Yo moreover has yet to file any answer or other response to the lawsuit. Wan-Yo, of course, could have filed an answer subject to the Court's decision of the motion to set aside. Wan-Yo's intentional failure to answer or otherwise respond continues even now.

meritorious defense. A meritorious defense must be specific and more than conclusory. *Jenkens & Gilchrist*, 542 F.3d at 119 (the defendant must make a "clear and specific showing… by [a] definite recitation of [the] facts" in support of his or her defense); *Pelican Renewables 2, LLC v. DirectSun Solar Energy & Tech., LLC*, 325 F.R.D. 570, (E.D.La. 2016). However, Wan-Yo fails to specify its reasonable grounds for any meritorious defenses. The purported defenses are merely conclusory recitations and, in any event, lack merit.

Wan-Yo's arguments, for example, about U.S. Patent No. 3,623,449 to Knutson ("'449 patent") and Drop-N-Tell indicators are without merit. The U.S. Patent Office examiner expressly considered this '449 patent, for the Drop-N-Tell indicators, and nevertheless decided to issue SpotSee's subject patent No. 9,423,313 of the lawsuit. *Langley Decl.*, at ¶¶ 5-6 and Exhibits D and E thereto. SpotSee explained to Wan-Yo that the same '449 patent had been considered by the patent office examiner. *Id*. Wan-Yo's arguments are contrived – not meritorious.

Wan-Yo's additional purported defense arguments amount to no more than mere conclusory recitations. For example, Defendant's Motion, p. 9, states as follows: "failure to meet the conditions of patentability or otherwise comply with one or more provisions…" and "anticipates making, inter alia, defenses of…". There are not any specific facts alleged that would show anything meritorious as to this laundry list of "anticipated" defenses. Such mere conclusory list of purported defenses is not proof of a meritorious defense.

Furthermore, SpotSee is prejudiced by Wan-Yo's failure. Wan-Yo's subject product directly competes with SpotSee's product and infringes SpotSee's patent in the U.S., causing damage to reputation and business relationships, as well as causing public and consumer confusion and deception. SpotSee's patent and trademark are valuable properties and rights of SpotSee. The infringements and Wan-Yo's failure cause delay that diminishes the value of those properties and takes from SpotSee. Moreover, SpotSee's patent has a set term and Wan-

Yo's delay causes loss of the property during the term of Wan-Yo's delay. Further, Wan-Yo purports that its failure was because of negotiations of potential settlement. Those negotiations reached an impasse more than a month ago. Wan-Yo had opportunity to resolve the dispute, before any action would have been required of it in the case. Yet, Wan-Yo delayed. SpotSee loses its valuable property and rights during each day of Wan-Yo's delay.

Even further, SpotSee is prejudiced because Wan-Yo is in Taiwan and each delay in the case makes matters of discovery and litigation more costly and effort consuming. Discovery is complicated, in any event, by the fact that Wan-Yo is a foreign company based in a foreign country. Loss of evidence, increased litigation costs, difficulties in discovery, and potential for fraud and collusion is exacerbated and predictable in view of Wan-Yo's willful failure thus far. SpotSee has already incurred and will inevitably incur added costs and efforts to prosecute this case against the foreign defendant.

## IV.   CONCLUSION

Defendant Wan-Yo's motion to set aside the clerk's entry of default should be denied. Plaintiff SpotSee properly served Wan-Yo, and Wan-Yo failed to answer or otherwise respond. Wan-Yo's failure was willful. Moreover, Wan-Yo does not have meritorious defense. SpotSee is prejudiced. Wan-Yo's motion should be denied.

In the Western District, attorneys' fees and costs are awardable to SpotSee for its efforts to seek default and default judgment. *BAMM Holdings, Inc. v. Plum Safety APS*, No. 6:20-CV-00618, 2021 WL 4877660, at *3 (W.D.Tex. [Waco] September 15, 2021)("attorneys' fees related to the entry of default and the preparation of a (shelved) motion for default judgment"); *Duran v. City of Eagle Pass*, No. SA-10-CA-0504-XR, 2011 WL 294478, at *8 (W.D.Tex. January 26, 2011); *Also*, *Dierschke*, 975 F.2d at 185; *Stewart v. Lubbock Co., Texas*, 767 F.2d 153, 157 (5th Cir. 1985). SpotSee's attorneys fees amount to $23,375.00 and its costs amount to $267.99. SpotSee moves for an award of its attorneys fees and costs incurred.

        Respectfully submitted,

        */s/H. Dale Langley, Jr./*
        H. Dale Langley, Jr.
        Texas Bar No.11918100
        The Langley Law Firm, P.C.
        1803 West Avenue
        Austin, TX 78701
        Telephone:  (512) 477-3830
        Fax:  (866) 735-9129
        dlangley@iptechlaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **SHOCKWATCH, INC. dba SPOTSEE**

## Certificate of Service

I certify that on July 23, 2024, I served the foregoing and the referenced declaration, to the following by the Court's ECF system that will notify all parties, and also in the manner indicated:

***Via Email (rsiminski@harnessip.com) and Certified Mail, RRR***
WAN-YO ENTERPRISE CO., LTD.
c/o Robert Siminski
HarnessIP
5445 Corporate Drive
Suite 200
Troy, MI 48098

        */s/H. Dale Langley, Jr.*
        H. Dale Langley, Jr.