**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

**SHOCKWATCH, INC. d/b/a SPOTSEE,**

Plaintiff,

v.

**WAN-YO ENTERPRISE CO., LTD.,**

Defendant.

**Case No.  WA-23-cv-819-KC**

**JURY TRIAL DEMANDED**

---

## DECLARATION OF H. DALE LANGLEY, JR.

I, H. Dale Langley, Jr., declare as follows:

1.      I am an attorney licensed to practice in Texas and before this Court, and represent Plaintiff, ShockWatch, Inc. d/b/a SpotSee ("SpotSee"), in this matter.

2.      Attached hereto as Exhibit A is a true and correct copy of Proof of Service of Defendant, Wan-Yo Enterprise Co., Ltd. ("Wan-Yo").

3.      Attached hereto as Exhibit B is a true and correct copy of Wan-Yo's globally available website at https://wan-yo.com, listing Deborah Lai as "International Sales Manager."

4.      Attached hereto as Exhibit C is a true and correct copy of certain web pages from the Laws & Regulations Database of the Peoples Republic of China (Taiwan) at https://law.moj.gov.tw/ENG, listing Taiwan Code of Civil Procedure Article 131.

5.      Attached hereto as Exhibit D is a true and correct copy of an Information Disclosure Statement shown in the prosecution history of SpotSee's U.S. Patent No. 9,423,313, obtained from the U.S. Patent & Trademark Office online records at www.uspto.gov.

6.      Attached hereto as Exhibit E is a true and correct copy of a page of the website at https://indexpackaging.com/stock-packaging/drop-n-tell/ for the Drop-N-Tell indicator of Patent

No. 3,623,449.

7.    SpotSee engaged services of a process server versed in effecting service in Taiwan.

8.    SpotSee commissioned a translator to translate the complaint and summons to Mandarin Chinese, as generally required for proper service in Taiwan.

9.    Because certain settlement discussions were proceeding, SpotSee's counsel informed Wan-Yo's counsel that SpotSee would file a motion to extend time for Wan-Yo's answer to a date certain of June 3, 2024.

10.    At the time that SpotSee made such proposal for extension, Wan-Yo did not dispute service or otherwise oppose or deny the effort.

11.    The Court issued its Order [Dkt. 12], a true and correct copy of which is attached hereto as <u>Exhibit F</u>, stating that "Defendant [Wan-Yo] shall file an answer or otherwise respond to the Complaint **no later than June 3, 2024**."

12.    SpotSee waited two weeks after the answer deadline set by the Court in its Order [Dkt. 12], to ask the clerk to enter default.

13.    Wan-Yo never requested a further extension or otherwise took any action to answer or otherwise respond to the complaint.

14.    Wan-Yo never prior to filing its motion to set aside the clerk's entry of default suggested to SpotSee that it considered service as ineffective.

15.    Even after the clerk's entry of default, SpotSee waited to seek default judgment in order to allow Wan-Yo opportunity to object to the entry of default.

16.    SpotSee contacted Wan-Yo on July 8, 2024, that SpotSee would the next day file its motion for default judgment, which SpotSee had then prepared.

17.    SpotSee incurred attorneys fees of $23,375 and costs of $267.99.

18.     Attached hereto as <u>Exhibit G</u> are true and correct copies of redacted invoices for Plaintiff's fees and expenses of the application for clerk's entry of default, the motion for default judgment, and the opposition to Wan-Yo's motion to set aside the default.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED this 23rd day of July, 2024, at Austin, Texas.

<div style="margin-left:40%">

<u>/H. Dale Langley, Jr./</u>
H. Dale Langley, Jr.
Attorney for Plaintiff
ShockWatch, Inc. d/b/a SpotSee

</div>

# EXHIBIT A

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| SHOCKWATCH, INC. d/b/a SPOTSEE, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  6:23-cv-00819-KC |
| WAN-YO ENTERPRISE CO., LTD., | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   WAN-YO Enterprise Co., Ltd.
14F-8, No. 77, Sec. 1, Xintai 5th Road., Xizhi Dist.
New Taipei City 221, Taiwan

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   H. Dale Langley, Jr.
The Langley Law Firm, P.C.
1803 West Avenue
Austin, Texas 78701

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT , PHILIP J. DEVLIN*

Date:   01/23/2024   _____

*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:23-cv-01310-ADC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    WAN-YO ENTERPRISE CO., LTD.,

was received by me on *(date)*    02/27/2024    .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*    Deborah Lai    , who is

designated by law to accept service of process on behalf of *(name of organization)*

WAN-YO ENTERPRISE CO., LTD.    on *(date)*    03/11/2024    ; or

❏ I returned the summons unexecuted because    Entity did not have a place of business at this address    ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:  14th March, 2024

_____
*Yu Wei Hsu.*
Server's signature

Yu-Wei Hsu
Printed name and title

New Taipei City, Taiwan

Server's address

Additional information regarding attempted service, etc:

**Documents served: Summons in a Civil Action; Civil Cover Sheet; Original Complaint for Patent and Trademark Infringement; Exhibits;**

113 年度

案號：北院民認亭字 0 0 1 1 3 號 日期：2024 .03. 14
Case No.： Date：
本文件 徐鈺薇 之簽名或蓋章，在臺灣臺北
地方法院所屬民間公證人趙亭婷事務所認證。 公證人：趙亭婷
Attested at the Chao, Ting-Ting Notary Public Office,
Taiwan Taipei District Court, R.O.C., that the
signature(s)/seal(s) of Yu-Wei Hsu in
this document is/are authentic.

Notary Public

Chao yingting

公證人
趙亭婷

Note: The Notary Public attest signature only.

地址：臺北市中山區南京東路二段 101 號 11 樓

Address: 11F., No. 101, Sec. 2, Nanjing E. Rd.,
Zhongshan Dist., Taipei City, Taiwan (R.O.C.)

# EXHIBIT B





| | | | | |
|---|---|---|---|---|
| William Wang | **Chief Executive General Manager** | | Sveta Huang | **Production Manager** |
| Eva Lin | **Finance Director** | | Linda Lee | **Logistics Manager** |
| Candy Su | **Quality Assurance Manager** | | William Wang | **Technical Manager** |
| Deborah Lai | **International Sales Manager** | | Bobo Wang | **Purchase Manager** |
| Kiki Kao | **Mainland China Sales Manager** | | Vergil Su | **Engineering Manager** |
| Tracy Lin | **Marketing Manager** | | | |

## Our business Principle

# EXHIBIT C





in the R.O.C.

Article 129    Service upon a soldier in the military or on a warship shall be effectuated by the competent military agency or officer requested to do so.

Article 130    Service upon a prisoner shall be effectuated by the chief officer in charge of the prison to make the service requested to do so.

Article 131    In an action regarding a business, service may be effectuated upon the manager.

Article 132    Where there is no limitation on an advocate's authority to receive service, service shall be effectuated upon the advocate, except where the presiding judge may order the service to be effectuated upon the party represented when he/she considers it necessary to do so.

Article 133    Where the party or his/her agent has appointed an agent of service and the notice of such appointment has been given to the court from which the action is pending, the service shall be effectuated upon the agent of service.
Where the plaintiff, movant, or appellant has no location where the service shall be effectuated in the Republic of China, he/she shall appoint an agent of service whose place of service locates in the Republic of China.

Article 134    Except as otherwise notified by the party or the agent, where an agent of service has been appointed and such appointment has been notified to the court, such appointment shall take effect with regard to the courts of all instances within the same geographic boundaries.

Article 135    Except as otherwise provided, service shall be made by delivering a written copy or photocopy of the paper purported to be served.

Article 136    Service shall be effectuated in the domicile or residence, office or place of business of the person to be served; but service may also be effectuated at the place where the person to be served is found.
In cases where the place to which the service should be effectuated under the preceding paragraph is unknown or where service cannot be effectuated therein, service may be effectuated at the employment place of the person to be served. The same shall apply to cases where the person to be served has notified the court that service may be effectuated at his/her employment place.
Service upon a statutory agent may also be made in the office or place of business of the party.

Article 137    When the person to be served cannot be found in his/her domicile/residence, office, or place of business, service may be effectuated by leaving the paper with his/her housemate or employee of suitable age and discretion.
The provision of the preceding paragraph does not apply to cases where the housemate or

# EXHIBIT D

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | | |
| Filing Date | | |
| First Named Inventor | Clinton A. Branch | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket  Number | 1007.00131 | |

| U.S.PATENTS | | | | | | Remove |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | 7509835 | | 2009-03-31 | Beck | |
| | 2 | 4068613 | | 1978-01-17 | Rubey | |
| | 3 | 4125085 | | 1978-11-14 | Rubey | |
| | 4 | 4177751 | | 1979-12-11 | Rubey | |
| | 5 | 2825297 | | 1958-03-04 | Harrison | |
| | 6 | 3623449 | | 1971-11-30 | Knutson | |
| | 7 | 4688244 | | 1987-08-18 | Hannon et al. | |
| | 8 | 5347274 | | 1994-09-13 | Hassett | |

EFS Web 2.1.17

| | INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( **Not for submission under 37 CFR 1.99)** | | | | |
|---|---|---|---|---|---|

| | | | Application Number | | |
|---|---|---|---|---|---|
| | | | Filing Date | | |
| | | | First Named Inventor | Clinton A. Branch | |
| | | | Art Unit | | |
| | | | Examiner Name | | |
| | | | Attorney Docket  Number | 1007.00131 | |

| | | | | | |
|---|---|---|---|---|---|
| | 9 | 5153561 | | 1992-10-06 | Johnson | |
| | 10 | 5051725 | | 1991-09-24 | Caccitolo | |
| | 11 | 5027105 | | 1991-06-25 | Dailey et al. | |
| | 12 | 3909568 | | 1975-09-30 | Greenhug | |
| | 13 | 7119759 | | 2006-10-10 | Zehner at al. | |
| | 14 | 6685094 | | 2004-02-03 | Cameron | |
| | 15 | 5269252 | | 1993-12-14 | Nagai | |
| | 16 | 4237736 | | 1980-12-09 | Wright | |
| | 17 | 4361106 | | 1982-11-30 | Eklof | |
| | 18 | 4982684 | | 1991-01-08 | Rubey | |
| | 19 | 6272901 | | 2001-08-14 | Takeuchi et al. | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | | |
| Filing Date | | |
| First Named Inventor | Clinton A. Branch | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket Number | 1007.00131 | |

| | | | | | |
|---|---|---|---|---|---|
| 20 | 6848389 | | 2005-02-01 | Elsasser aet al. | |
| 21 | 3021813 | | 1962-02-20 | Rips | |
| 22 | 2976732 | | 1961-03-28 | Hautly | |
| 23 | 3312188 | | 1967-04-04 | Lode et al. | |
| 24 | 3373716 | | 1968-03-19 | Williams | |
| 25 | 3461730 | | 1969-08-19 | Peters | |
| 26 | 3707722 | | 1972-12-16 | Itoh | |
| 27 | 3782204 | | 1974-01-01 | Boardman | |
| 28 | 7219619 | | 2007-05-22 | Fitzer et al. | |
| 29 | 7353615 | | 2008-04-08 | Branch | |

| If you wish to add additional U.S. Patent citation information please click the Add button. | Add |
|---|---|
| **U.S.PATENT APPLICATION PUBLICATIONS** | Remove |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Clinton A. Branch |
| Art Unit | |
| Examiner Name | |
| Attorney Docket  Number | 1007.00131 |

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20090249858 | | 2009-10-08 | Ishikawa et al. | |
| | 2 | 20090307827 | | 2009-12-17 | Aspray | |
| | 3 | 20050039669 | | 2005-02-24 | Elsasser et al. | |
| | 4 | 20070194943 | | 2007-08-23 | Fitzer et al. | |
| | 5 | 20080173712 | | 2008-07-24 | Nemet et al. | |

If you wish to add additional U.S. Published Application citation information please click the Add button.   Add

| FOREIGN PATENT DOCUMENTS | | | | | | | Remove |
|---|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
| | 1 | 2009156726 | JP | | 2009-07-16 | Ricoh Co. Ltd. | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button   Add

| NON-PATENT LITERATURE DOCUMENTS | | | Remove |
|---|---|---|---|
| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( **Not for submission under 37 CFR 1.99** ) | Application Number | |
| | Filing Date | |
| | First Named Inventor | Clinton A. Branch |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | 1007.00131 |

| | 1 | International Search report and Written Opinion; International Application No. PCT/US2012/028423; September 26, 2012; 9 pages | ☐ |

| If you wish to add additional non-patent literature document citation information please click the Add button | **Add** |

### EXAMINER SIGNATURE

| Examiner Signature | | Date Considered | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( **Not for submission under 37 CFR 1.99**)

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Clinton A. Branch |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | 1007.00131 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

## SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /James L. Baudino/ | Date (YYYY-MM-DD) | 2014-10-19 |
|---|---|---|---|
| Name/Print | James L. Baudino | Registration Number | 43486 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.1.17

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# EXHIBIT E



# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SHOCKWATCH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. WA-23-CV-819-KC |
| | § | |
| WAN-YO ENTERPRISE CO., LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiff's Status Report, ECF No. 11, filed on May 15, 2024.

In the Status Report, Plaintiff confirms that Defendant "was properly served on March 11, 2024." *Id.* at

1. Plaintiff explains that, since March 25, 2024, counsel for both parties "have been negotiating a

potential resolution to the claims" and "agreed to inform the Court by June 3, 2024," whether they have

reached a resolution. *Id.* Accordingly, Plaintiff requests that the Court allow Defendant to file an answer

or otherwise respond to the Complaint, ECF No. 1, by June 3, 2024. Status Report 1.

The Court construes the Status Report as a motion to extend Defendant's answer deadline. Upon

due consideration, the motion is **GRANTED**. Defendant shall file an answer or otherwise respond to the

Complaint **no later than June 3, 2024**.

**SO ORDERED.**

SIGNED this 16th day of May, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

# EXHIBIT G

| ItemDate | Who | Description | Units | UnitCost | UnitDescription | ActualCost |
|---|---|---|---|---|---|---|
| 6/10/2024 | H. Dale Langley Jr. | Drafting motion for entry of default; drafting entry of default; drafting declarations | 5.9 | 550 | Hours | $  3,245.00 |
| 6/18/2024 | Deanna Solis | Postage: Certified Mail Clerk's Entry of Default | 1.0 | 10.11 | postage | $       10.11 |
| | | **Motion for Entry of Default** | | | | $  3,255.11 |
| 7/4/2024 | H. Dale Langley Jr. | Legal research regarding proof for default judgment | 4.1 | 550 | Hours | $  2,255.00 |
| 7/5/2024 | H. Dale Langley Jr. | Drafting motion for default judgment; legal research regarding case limitations; drafting order of default judgment | 3.8 | 550 | Hours | $  2,090.00 |
| 7/8/2024 | H. Dale Langley Jr. | T/C R. Siminski regarding intent to file motion for default | 0.3 | 550 | Hours | $     165.00 |
| | | | | | | $  4,510.00 |
| 7/17/2024 | Deanna Solis | Certified Mail - motion for default | 1.0 | 9.92 | postage | $         9.92 |
| | | **Motion for Default Judgment** | | | | $  4,519.92 |
| 7/9/2024 | H. Dale Langley Jr. | Reviewed opposed motion to set aside default; legal reseach regarding ▓▓▓▓; attention to email ▓▓▓▓; drafted and sent email to ▓▓▓▓ | 4.0 | 550 | Hours | $  2,200.00 |
| 7/11/2024 | H. Dale Langley Jr. | Reviewing motion to set aside; preparing arguments; video conference with ▓▓▓▓; legal research regarding ▓▓▓▓ | 6.6 | 550 | Hours | $  3,630.00 |
| 7/12/2024 | H. Dale Langley Jr. | Legal research regarding default and set aside; drafting opposition to motion to set aside default | 3.1 | 550 | Hours | $  1,705.00 |
| 7/14/2024 | H. Dale Langley Jr. | Drafting opposition to motion to set aside; reviewing timeline and evidence | 4.7 | 550 | Hours | $  2,585.00 |
| 7/20/2024 | H. Dale Langley Jr. | Legal research regarding ▓▓▓▓; drafting response to opposition | 6.1 | 550 | Hours | $  3,355.00 |
| 7/21/2024 | H. Dale Langley Jr. | Checking case histories; drafting response opposing set aside; conduct legal research | 3.9 | 550 | Hours | $  2,145.00 |
| | | | 28.4 | | | $ 15,620.00 |
| 7/22/2024 | Deanna Solis | Legal Research - WestLaw | 1.0 | 247.96 | third party | $     247.96 |
| | | **Response in Opposition to Set Aside** | | | | $ 15,867.96 |
| | | | | | | |
| | | | | | Total Attorney's fees | $ 23,375.00 |
| | | | | | Total Expenses | $      267.99 |
| | | | | | Grand Total | $ 23,642.99 |